UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**VERNELL BROWN RANDOLPH,**
                Petitioner,

v.                                                                              Civil Action No. 4:06cv7
                                                                               Criminal Action No. 4:04cr24

**UNITED STATES OF AMERICA,**
                Respondent.

## ORDER  AND OPINION

Currently before the court is Vernell Brown Randolph's petition to vacate, set aside or

correct a sentence previously imposed, pursuant to Title 28, United States Code, Section 2255.

The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty

Act of 1996, 110 Stat. 1214 (1996).  The petitioner argues that she was sentenced in accordance

with facts not contained in the plea agreement, that she received ineffective assistance of counsel,

and that her sentence was unconstitutionally enhanced based on crimes for which she was not

found guilty.  Because the record conclusively demonstrates that the petitioner is not entitled to

relief, the court declines to hold an evidentiary hearing.  See R. Governing § 2255 Proceedings in

U.S. Dist. Cts. 8(a).  For the reasons set forth below, Randolph's petition is **DENIED**.

## I. Factual Background

Petitioner was charged by criminal information with two felony counts resulting from a

drug trafficking conspiracy: Count One, conspiracy to distribute and to possess with the intent to

distribute more than five grams of cocaine base, in violation of Title 21, United States Code,

Section 841(a)(1) and (b)(1)(B); and Count Two, laundering of monetary instruments, in

violation of Title 18, United States Code, Section 1956(a)(1)(B)(I).  Pursuant to a written plea

agreement with the government, petitioner pleaded guilty to Counts One and Two on March 18,

2004.

On August 18, 2004, the defendant appeared for sentencing.  She objected to the amount

of drugs attributed to her in the Pre-Sentence Report prepared by the probation office.

Specifically, she objected to the claim of the United States that petitioner had received more than

4 grams of cocaine base from another individual.  In addition, petitioner moved for a downward

departure based on her medical condition.  This court granted petitioner's objection with regard

to drug weights, and the amount of drugs attributed to her was accordingly reduced; however,

this reduction did not effect petitioner's guideline range.  This court denied petitioner's request

for a downward departure, and sentenced her to 140 months imprisonment on Count One and

140 months imprisonment on Count Two, to be served concurrently.  As part of her plea

agreement, petitioner agreed not to appeal any sentence lawfully imposed, so long as it was

within the maximum sentence for the offense.  Nevertheless, petitioner filed a timely notice of

appeal on August 19, 2004.  On July 18, 2005, the United States Court of Appeals for the Fourth

Circuit granted the government's motion to dismiss petitioner's appeal on the grounds that she

waived her right to appeal.

On October 13, 2005, petitioner filed a motion seeking permission to file a Motion to

Vacate, pursuant to Title 28, United States Code, Section 2255.  On October 18, 2005, this court

denied petitioner's motion and on November 17, 2005, petitioner filed a notice of appeal.  The

Fourth Circuit dismissed petitioner's appeal on April 20, 2006.

**II.  Procedural History**

While her appeal was pending, on January 11, 2006, petitioner filed the instant petition to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255.  In her petition, petitioner alleges that her sentence was calculated using information that was not contained in the plea agreement.  Specifically, petitioner argues that because the plea agreement did not specifically state that she was pleading guilty to conspiracy to distribute and to possess with the intent to distribute 5 grams or more of cocaine base, she could not be subject to the statutory sentencing range of 21 U.S.C. § 841(b)(1)(B), which requires a mandatory minimum of 5 years imprisonment, and has a statutory maximum of 40 years imprisonment.  Instead, petitioner argues, she is only subject to the statutory maximum of 5 years imprisonment.  Petitioner argues that the sentence she received, in excess of 5 years, constituted a breach of the plea agreement by the government.  Petitioner further alleges that she received ineffective assistance of counsel when her court-appointed attorney, James Ellenson, failed to investigate thoroughly and properly challenge at sentencing petitioner's prior criminal record.  Finally, petitioner alleges that her punishment was unconstitutionally enhanced by specific sentencing factors, which were not charged against her nor determined true beyond a reasonable doubt by a jury.

This court ordered the United States to respond to her petition on May 22, 2006.  The United States filed its response on June 13, 2006, wherein it urged the court to deny petitioner's motions.  Petitioner filed a reply to the United States on July 5, 2006.

**III.  Standard of Review**

A petitioner collaterally attacking her sentence or conviction bears the burden of proving that her sentence or conviction was imposed in violation of the United States Constitution or

laws, that the court was without jurisdiction to impose such a sentence, that the sentence

exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral

attack.  28 U.S.C. § 2255.  An evidentiary hearing is not required in this case because the case

file, along with the court's recollection of the case, are adequate to dispose of the matter.  See R.

Governing § 2255 Proceedings in U.S. Dist. Cts 8(a); Blackledge v. Allison, 431 U.S. 63, 74 n.4

(1977).

   A collateral attack under  § 2255 is far more limited than an appeal.  The doctrine of

procedural default bars the consideration of a claim that was not raised at the appropriate time

during the original proceedings or on appeal.  A collateral challenge is not intended to serve the

same functions as an appeal.  United States v. Frady, 456 U.S. 152, 165 (1981).  There are two

instances, however, when a procedurally defaulted claim may be considered on collateral review.

The first instance is when a petitioner shows both cause and actual prejudice resulting from the

alleged error.  Id. at 167.  See also Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v.

Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999).  The petitioner must demonstrate "that the

error worked to her 'actual and substantial disadvantage,' not merely that the error created a

'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray

v. Carrier, 477 U.S. 478, 494 (1986)).  Alternatively, if a petitioner can demonstrate that she is

actually innocent, then the court should also issue a writ of habeas corpus in order to avoid a

miscarriage of justice, regardless of whether the claim was procedurally defaulted.  See Schlup v.

Delo, 513 U.S. 298, 321 (1995).  A claim of ineffective assistance of counsel may, however, be

properly brought on a § 2255 petition.  United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.

1991).  In the instant case, the petitioner has not alleged that she is actually innocent of the

crimes for which she was convicted; therefore she must demonstrate both cause and prejudice as a result of the errors she alleges.

**IV.  Analysis**

A.  Breach of Plea Agreement

A petitioner challenging that the government breached a plea agreement bears the burden of establishing that breach by a preponderance of the evidence.  United States v. Snow, 234 F.3d 187 (4th Cir. 2000).  Petitioner's plea agreement, filed in open court on March 18, 2004, included standard language referring to the crimes with which she was charged.  Specifically, Paragraph 1 reads:

> The defendant agrees to waive indictment and plead guilty to a two count criminal information charging the defendant in Count One with conspiracy to distribute cocaine base, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(b) [sic] . . ..  The maximum penalties for Count One are a maximum term of forty years of imprisonment with a mandatory minimum term of five years imprisonment, a fine of $2,000,000, a special assessment, and at least four years of supervised release.

Although petitioner is correct in stating that there is no mention of the specific drug weight of more than 5 grams of cocaine base, the plea agreement references both the criminal information by which petitioner was charged and the correct statutory provision of the United States Code, 21 U.S.C. § 841(b)(1)(B), which lists, inter alia, "5 grams or more of a mixture or substance . . . which contains cocaine base" and provides for a term of imprisonment of between 5 years and 40 years.  At her plea colloquy, this court directed petitioner's attention the statute to which she was pleading guilty and the sentencing range provided therein, and petitioner acknowledged under oath that she understood the seriousness of the penalty provided by law for her crimes.

Petitioner is therefore incorrect in asserting that she "did not agree to any amount of drugs

in the plea agreement." (Petitioner's Br. at 15). The evidence is clear that petitioner was aware

of the charges brought against her. At a hearing that complied with FED. R. CRIM. P. 11, this

court questioned her on the record about her understanding of the plea agreement. She indicated

to the court that she understood the seriousness of the charges brought against her and the

statutory maximum and mandatory minimum terms of imprisonment. There is no indication that

petitioner was unaware of the charges to which she pled guilty. Further, aside from petitioner's

allegations in the instant petition, the evidence points entirely to the conclusion that the plea

agreement clearly indicated both the statute to which petitioner was pleading guilty and the

mandatory term of imprisonment provided for by the statute.

Because this court sentenced petitioner to 140 months imprisonment, well within the

statutory maximum of 40 years imprisonment, this case does not implicate the Supreme Court's

holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). Petitioner has not demonstrated that

the government breached its plea agreement with her. Even assuming, arguendo, she were able

to demonstrate such a breach, she has not and cannot demonstrate the cause and prejudice

sufficient to overcome procedural default. Consequently, petitioner's claim of breach of the plea

agreement by the government is denied.

B. Ineffective Assistance of Counsel

The Sixth Amendment provides, in relevant part, that: "In all criminal prosecutions, the

accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST.

amend. VI. The Sixth Amendment right to counsel includes the right to the effective assistance

of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court's standard

for assessing ineffective assistance of counsel claims is "highly deferential." Id. See

Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (discussing the Strickland standards). There

are two prongs to the Strickland test: performance and prejudice. To establish a claim for

ineffective assistance of counsel, petitioner must prove both: (1) that her attorney's conduct fell

below an objective standard of reasonableness; and (2) that the attorney's deficient performance

caused her prejudice. Strickland, 466 U.S. at 687-91.

Actual prejudice is demonstrated by showing "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would be different." Id. at 694. "A

reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide

range of reasonably professional conduct, and courts must be highly deferential in scrutinizing

counsel's performance." Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000)

(citing Strickland, 466 U.S. at 688-89). Most importantly, the burden of proof lies with the

petitioner. United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). A petitioner's

conclusory statements will not suffice to prove that there is a reasonable probability that the

outcome of her trial would have been different in the absence of her counsel's alleged errors.

A petitioner who alleges ineffective assistance of counsel following a guilty plea has an

even higher burden to meet. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Attorney

Gen. of Md., 956 F.2d 1290, 1297-98 (4th Cir. 1992). Such a petitioner must demonstrate "that

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

and would have insisted on going to trial." Hill, 474 U.S. at 59. An inquiry into whether a

petitioner has presented enough evidence to demonstrate such a reasonable probability will often

necessitate an inquiry into the likely results at trial. Id. at 59-60. In evaluating a claim of

ineffective assistance of counsel made after a guilty plea, statements made under oath, such as those made in a Rule 11 proceeding, are binding on the petitioner "[a]bsent clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299; accord Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) ("When a defendant challenges a conviction entered after a guilty plea, [the] prejudice prong of the test is slightly modified.  Such a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial.'") (quoting Hill, 474 U.S. at 59).  That a plea bargain is "favorable" to a defendant and that accepting it was "a reasonable and prudent decision" is evidence of the "voluntary and intelligent" nature of the plea.  Id.

Petitioner cites only one example of her attorney's assistance as ineffective.  Petitioner claims that Mr. Ellenson, after failing to adequately investigate her criminal history, failed to object to the consideration of petitioner's prior convictions in determining her sentencing guideline range.  In her reply brief, petitioner asserts that she was deprived of the right to the assistance of an attorney "who would safeguard her best interest [sic] when advising her in her decision as to her own fate."  (Petitioner's Reply Br. at 5).  Despite petitioner's claims, the evidence is clear that she was afforded effective assistance of counsel.  An attorney is not constitutionally required to pursue non-meritorious defenses.  See Jones v. Barnes, 463 U.S. 745, 754 (1983).  At sentencing, petitioner neither objected to nor presented evidence challenging the use of the prior convictions in calculating her guideline sentencing range.  Now petitioner offers no evidence to support her allegations, and fails to indicate what Mr. Ellenson should have done to challenge petitioner's prior convictions.  Although, at sentencing, petitioner did object to certain elements of the Pre-Sentence Report, she failed to object to any aspect of the Report's use

of her criminal history.  In addition, petitioner indicated that she had gone over the Pre-Sentence

Report with her attorney and that, other than her objections with regard to drug weights, she

found no errors contained in the Report.  Had petitioner disagreed with the use of her criminal

history in calculating her guideline range, she would have been expected to voice that

disagreement at sentencing.  Her failure to object at that time demonstrates that her claim of

ineffective assistance of counsel has no merit now.

To the extent that petitioner is claiming that she was not given sufficient advice to enter

into an informed plea agreement, such an allegation is belied by her statements on the record at a

proceeding that complied with FED. R. CRIM. P. 11.  There, petitioner affirmed that she had read

the plea agreement and discussed it fully with her attorney, and that she was satisfied that her

attorney had considered all the facts and discussed any possible defenses she might have.

Similarly, in her plea agreement, petitioner acknowledged that she was satisfied that her attorney

had rendered her effective assistance.

Even were petitioner able to demonstrate that the performance of her attorney fell below

an acceptable level of competence, she still has not alleged, and cannot prove, that she would not

have pled guilty but for her attorney's errors.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Because

petitioner cannot meet either the performance or the prejudice prong outlined in Strickland, her

claim of ineffective assistance of counsel is denied.

C.  Sentencing Enhancements

Petitioner also claims that her sentence should be vacated based on United States v.

Booker, 125 S. Ct. 738 (2005), because it was enhanced as a result of facts neither admitted by

her nor found by a jury beyond a reasonable doubt.  However, in United States v. Morris, 429

F.3d 65 (4th Cir. 2005), the Fourth Circuit held that, although <u>Booker</u> announced a new rule, it is not retroactive on collateral review. <u>See</u> <u>also</u> <u>United States v. Gentry</u>, 432 F.3d 600, 601 (5th Cir. 2005);  <u>United States v. Cruz</u>, 423 F.3d 1119, 1121 (9th Cir. 2005); <u>Never Misses a Shot v. United States</u>, 413 F.3d 781, 783 (8th Cir. 2005);  <u>Lloyd v. United States</u>, 407 F.3d 608, 614 (3d Cir. May 17, 2005); <u>Guzman v. United States</u>, 404 F.3d 139, 144 (2d Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 863 (6th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005).

Petitioner was sentenced on August 18, 2004, and although she had waived her right to appeal as a part of her plea agreement, she appealed her conviction the following day.  On July 18, 2005, the Fourth Circuit granted the government's motion to dismiss petitioner's appeal, on the grounds that she had validly waived her right to appeal.  In the interim, however, <u>Booker</u> was decided on January 10, 2005.  The issue facing this court, then, is whether petitioner's claim, which in the absence of an appeal would have become final on August 28, 2004, falls within the prospective purview of <u>Booker</u>.

Because <u>Booker</u> is not retroactively applicable, the proper manner by which petitioner could raise a claim of improper enhancement of her sentence is on direct appeal.  However, as part of her plea agreement with the government, petitioner waived her right to appeal any sentence lawfully imposed.  By waiving her right to appeal, petitioner therefore waived the right to make any claim she might have under the reasoning of <u>Booker</u>.  Although petitioner in fact filed an appeal, the Fourth Circuit granted the government's motion to dismiss on the grounds that petitioner had waived her right to appeal.  Therefore petitioner waived her right to make a

claim under <u>Booker</u>, and cannot now make such a claim by collateral attack.  Accordingly,

petitioner's <u>Booker</u> claims must be denied.

**V.      Conclusion**

For the reasons stated on the record, and for those discussed above, the petition is

**DENIED** and **DISMISSED**.  Finding no substantial issue for appeal concerning the denial of a

constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of

appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner, to her counsel,

and to the United States Attorney, Eastern District of Virginia.

The petitioner is **ADVISED** that she may appeal from this final Order by forwarding a

written notice of appeal to the Clerk of the United States District Court, United States

Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received

by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

_____/s/_____

Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

September 12, 2006
Norfolk, Virginia